# Varner & Co. *v*. Ross.

## *Trial of the Right of Property.*

1. *Agreement to wave lien; effect of.*—If a landlord, having a lien on the tenant's crop for payment of the agreed rent of three bales of cotton, agrees "to waive his rent on one bale for the year 1896," the only effect of the agreement is to waive his lien for rent on one bale of the cotton produced by the tenant on the land rented.

APPEAL from the Circuit Court of Lee.
Tried before the Hon. J. M. CARMICHAEL.

[Varner & Co. v. Ross.]

This was a trial of the right of property. Isaac Ross attached a part of the crop of Jas. Wairtch to enforce his lien as landlord. Ross had given to the tenant the paper set out in the opinion on which W. D. Varner & Co. advanced to the tenant; and afterward interposed a claim in the attachment suit on the ground that Ross had waived his lien on all the cotton raised by the tenant except two bales. Tried by the court without jury, and judgment for the plaintiff. Affirmed.

R. B. BARNES, for appellants.—The instrument of writing executed by Ross is fairly susceptible to two constructions; and that construction should be adopted which is least favorable to the promisor.—*Nelson v. Manning*, 53 Ala. 549; 3 Brick. Dig. p. 147. (2). If the construction contended for by Ross is correct the instrument is void for uncertainty; and the rule is that where two constructions are possible that one must be adopted which upholds the instrument.—*Robinson v. Bullock*, 618.

R. C. SMITH, *contra*, contended, that the instrument could only mean that Ross waived his lien on one bale of the cotton.

McCLELLAN, C. J.—We construe the paper writing involved in this case, which is as follows: "I hold Jim Wairtch's rent note for three bales of cotton. I agree to waive the rent on one bale for the year 1896, Isaac Ross," to mean that the landlord waived, not his claim for three bales of rent or any part of it, but his lien on one bale of the crop made by the tenant to secure the payment of the three bales or their value. The effect was merely to give the tenant power to dispose of one bale of the crop free from the landlord's lien. As to the remainder of the crop, including that in suit—the one bale having been appropriated by claimants—the landlord's lien to secure the three bales due him as rent was in force, and superior to claimants' mortgage. So held the circuit court, and its judgment is affirmed.

Affirmed.